IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-587-D

| | |
|---|---|
| CARLYLE E. WATERS, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>DR. MIN, )<br>TAMMY COOPER, *Dr. Min's Nurse*, and )<br>VETERANS ADMINISTRATION V.A. )<br>FAYETTEVILLE NC, )<br>)<br>    Defendants. ) | **ORDER and<br>MEMORANDUM AND<br>RECOMMENDATION** |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) (D.E. 1) by plaintiff Carlyle E. Waters ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. (*See* 2d D.E. dated 25 Oct. 2011). For the reasons stated below, the court will allow plaintiff's motion to proceed *in forma pauperis* and recommend that this case be dismissed for lack of subject matter jurisdiction.

### ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. His motion to proceed *in forma pauperis* is therefore GRANTED.

### MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

**I.    Background**

Plaintiff's complaint consists of a four-page form (D.E. 1-1) completed in handwriting. In his complaint, plaintiff alleges that individual defendants, Dr. Min and Dr. Min's nurse, Tammy Cooper, who are employed by defendant Veterans Administration ("VA") at the

Dogwood Clinic of the VA Medical Center in Fayetteville, North Carolina, wrongfully refused to continue his prescription medications for back pain, thereby causing him "the most terrible physical and mental pain" from drug withdrawal. (Compl. 2-3). Plaintiff seeks relief in the form of $1.00 in nominal damages and injunctive relief compelling defendants to receive training in and to follow proper medical procedures. (*Id*. 3). Plaintiff has not set forth a basis for this court's jurisdiction over the action that he intends to pursue. In fact, the space on the complaint form labeled with the prompt "Jurisdiction in this court is based on:" was left blank. (*Id*. 2).

**II.     Discussion**

   **A.     Legal Standards Applicable to Frivolity Review of Complaint**

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id*. at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32.

The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must

affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

One basis for subject matter jurisdiction, so-called federal question jurisdiction, is that a claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Another basis is diversity of citizenship or so-called diversity jurisdiction, which requires that the citizenship of the plaintiffs be different from that of the defendants. *Id*. § 1332; s*ee Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). There are also statutes conferring jurisdiction for particular types of cases.

### B.     Review of Plaintiff's Complaint

As noted above, plaintiff has failed to assert grounds for this court's jurisdiction over his claims. Further, after a thorough review of the complaint, the court concludes that the allegations therein fail to support the court's subject matter jurisdiction.

Plaintiff's claim against defendants is, in essence, one for negligence or medical malpractice arising from his treatment by healthcare personnel employed at a VA medical center. Pursuant to 38 U.S.C. § 7316(a), the exclusive legal remedy for injuries "arising from malpractice or negligence of a health care employee[1] of the [VA] in furnishing health care or treatment while in the exercise of that employee's duties in or for the [VA]" is provided by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* 38 U.S.C. § 7316(a); *see also* 38 C.F.R. § 14.605(a) (stating that an action against the United States under the FTCA is the exclusive remedy for medical malpractice or negligence of VA healthcare employees). The FTCA requires that before an action may be commenced against the federal government, a

---

[1] The term "health care employee" includes a physician and a nurse, such as the individual defendants in this case. 38 U.S.C. § 7316(a)(2).

plaintiff must present the claim to the appropriate administrative agency. 28 U.S.C. § 2675(a);[2] *see also* 28 C.F.R. § 14.2(a) (specifying the procedure for filing an administrative claim with a federal agency); 38 C.F.R. § 14.604 (detailing the procedure for filing an administrative claim with the VA).

The Fourth Circuit Court of Appeals has held that "'the requirement of filing an administrative claim is jurisdictional and may not be waived.'" *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994) (quoting *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986)); *see also Bush v. United States*, 703 F.2d 491, 494 (11th Cir. 1983) ("The claims procedure under 28 U.S.C. § 2675(a) is jurisdictional."). Thus, for this court to have jurisdiction over a tort action against the VA and its healthcare employees, a plaintiff must have first presented the claim to the VA for determination. *See Whitlock v. United States,* No. 87-1054, 1987 WL 37954, at *1 (4th Cir. 25 June 1987) (affirming district court's dismissal of action for injuries sustained at a VA hospital on the grounds that plaintiff failed to exhaust his administrative remedies as required by 28 U.S.C. § 2675(a)); *see also McCluney v. United States*, No 3:11-CV-121, 2011 WL 2360576, at *2 (E.D. Va. 9 June 2011) (dismissing action for negligence against VA physician for lack of subject matter jurisdiction because plaintiff failed to pursue an administrative tort claim with the VA pursuant to the procedure set forth in 38 C.F.R. § 14.604); *Webb v. Veteran Affairs Medical Center-Salisbury*, No. 1:08CV00149, 2008 WL 4981328, at *2 (M.D.N.C. 19 Nov. 2008) (dismissing plaintiff's tort claims against a VA

---

[2] This statute reads, in relevant part, as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

medical center for lack of subject matter jurisdiction due to plaintiff's failure to first pursue her claim administratively with the VA).

Here, plaintiff has not alleged that he has presented his claim to the VA or to any other federal agency prior to filing this action. Consequently, the court lacks subject matter jurisdiction over his claim, and this action should accordingly be dismissed.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that this action be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 13 December 2012, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 28th day of November 2012.

James E. Gates
United States Magistrate Judge